IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-524-BO-KS

| | |
|---|---|
| VANESSA AGUILAR AYALA, MARWA SAAD EL METWALLY, KAREEMELDIN ELAZAB, SHARY MARGARTIA LEDESMA, PATIENCE IMONI LYNCH, YAQUELIN ESTELA MEDINA, RUBEN MEDINA, ERIKA MARIVEL MEJIA, DESTINY SAMUEL, KRISTIN M. ZEDEK, and CARLOS ALVAREZ, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAKE COUNTY, NORTH CAROLINA, VALERIE MITCHELL, CINDY EVANS, and CINDY WOLFE, <br><br> Defendants. | **ORDER** |

This matter is before the court on Defendants' motion to stay discovery [DE #33]. Plaintiffs have responded in opposition to Defendants' motion [DE #36], and the matter is ripe for ruling. For the reasons set forth below, the court grants Defendants' motion.

## BACKGROUND

On September 13, 2024, Plaintiffs filed this action alleging that James Otis Perry, a certified nurse assistant employed by Defendant Wake County ("County"), had video recorded them and other prenatal patients in various states of undress without their consent. Plaintiffs assert seven causes of action against the County and

Perry's alleged supervisors. (Compl. [DE #1].) On November 12, 2024, Defendants filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6). (Defs.' Mot. Dismiss [DE #26].) Presently before the court is Defendants' motion to stay discovery pending the court's ruling on their motion to dismiss.

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure vests district courts with discretion to stay discovery pending resolution of dispositive motions. *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Id.*

Here, the factors weigh in favor of a stay. Defendants have moved to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Among other things, Defendants argue this action should be dismissed because it is virtually identical to an earlier filed action brought by Plaintiffs, which is pending in state court. (Mem. Supp. Defs.' Mot. Dismiss [DE #27] at 3–10.) The motion to dismiss has the potential to terminate the action in its entirety, and it does not appear that discovery is necessary to a proper resolution of the motion to dismiss.

For these reasons and having considered the grounds for dismissal raised by Defendants, the court finds good cause to stay discovery in this action. Accordingly,

2

Defendants' motion to stay [DE #33] is GRANTED, and discovery is hereby STAYED pending the court's resolution of Defendants' motion to dismiss [DE #26]. If the motion to dismiss is denied in whole or in part, the parties shall, within twenty-one (21) days thereafter, conduct a discovery conference and submit a joint Rule 26(f) report for the court's consideration.

This 11th day of April 2025.

KIMBERLY A. SWANK
United States Magistrate Judge