UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-524-BO-KS

| | |
|---|---|
| VANESSA AGUILAR AYALA, ) | |
| MARWA SAAD EL METWALLY, ) | |
| KAREEMELDIN ELAZAB, ) | |
| SHARI MARGARTIA LEDESMA, ) | |
| PATIENCE IMONI LYNCH, ) | |
| YAQUELIN ESTELA MEDINA, ) | |
| RUBEN MEDINA, ERIKA MARIVEL ) | |
| MEJIA, DESTINY SAMUEL, ) | |
| KRISTIN M. ZEDEK, and CARLOS ) | |
| ALVAREZ, *on behalf of themselves and* ) | |
| *others similarly situated*, ) | |
| ) | **ORDER** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WAKE COUNTY, NORTH CAROLINA; ) | |
| VALERIE MITCHELL, CINDY EVANS, ) | |
| and CINDY WOLFE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motion to amend the Scheduling Order to permit trifurcation of discovery. Plaintiffs have responded in opposition to the motion, and the matter is ripe for ruling. For the reasons set forth below, the court denies Defendants' motion.

Plaintiffs filed this purported class action on September 13, 2024. (Compl. [DE #1].) At Defendants' request, and over Plaintiffs' objection, the court entered an order on April 11, 2025, staying discovery in this action pending the court's ruling on Defendants' motion to dismiss. (Stay Order [DE #39].) Following the court's denial of Defendants' motion, the parties filed separate Rule 26(f) reports on June 19, 2025.

(Defs.' Rule 26(f) Report [DE #46]; Pls.' Rule 26(f) Report [DE #47].) Defendants proposed bifurcated discovery, with the first phase of discovery being limited to the merits of the individual plaintiffs' claims and any class discovery to be conducted in a second phase, which would commence only after the court's ruling on dispositive motions directed at the individual plaintiffs' claims. Defendants indicated they would be filing a motion to bifurcate by July 1, 2025. Plaintiffs requested that discovery be conducted in a single phase.

Defendants did not file the anticipated motion for bifurcated discovery. Rather, on June 27, 2025, Defendants filed an interlocutory appeal from the denial of their motion to dismiss. The Fourth Circuit dismissed the appeal on September 25, 2025, and the mandate issued on October 17, 2025. (4th Cir. Order [DE #51]; 4th Cir. J. [DE #52]; 4th Cir. Mandate [DE #53].)

Following issuance of the Fourth Circuit's mandate, the court entered a Scheduling Order on October 22, 2025. (Scheduling Order [DE #54].) In so doing, the court considered the Rule 26(f) Reports previously filed by the parties. The court rejected Defendants' request for bifurcated discovery and ordered that discovery be conducted in a single phase. (*Id.* at 2.)

On November 11, 2025, Defendants filed the instant motion, requesting that the court amend the Scheduling Order and order that discovery be conducted in three phases: (1) phase one limited to the merits of the individual plaintiffs' claims, to be followed by dispositive motions as to the merits of the individual plaintiffs' claims; (2) an eight-month period for phase two discovery as to the purported class; and (3) a

third phase of discovery, commencing within thirty days thereafter, to address damages-related discovery. (Defs.' Mot. Amend Scheduling Order [DE #55].) Plaintiffs oppose the motion, arguing that trifurcation would not promote judicial economy and would unduly delay the proceedings. (Pls.' Mem. Opp'n Mot. Amend Scheduling Order [DE #59].)

Having considered the arguments raised by the parties in support of and in opposition to Defendants' motion, the court finds no reason to alter or amend its Scheduling Order. Accordingly, Defendants' motion [DE #55] is DENIED.

This 6th day of January 2026.

KIMBERLY A. SWANK
United States Magistrate Judge